## CURINGTON *v.* THE STATE.

1. Where on a trial for murder the record of a trover suit between the accused and the deceased was admitted as illustrative of the state of feelings between them, it was error to exclude from evidence the judgment rendered in that suit in favor of the accused. (Two JJ. dissent.)

2. Upon the other question for decision the Justices of this court are evenly divided in opinion.

No. 5186. MAY 21, 1926. ADHERED TO ON REHEARING, JULY 16, 1926.

Murder. Before Judge McLaughlin. Talbot superior court. November 7, 1925.

*J. H. McGehee,* for plaintiff in error.

*George M. Napier,* attorney-general, *W. R. Flournoy,* solicitor-general, and *T. R. Gress,* assistant attorney-general, contra.

PER CURIAM. 1. The plaintiff in error was tried under an indictment charging the offense of murder; and the jury returned a verdict of guilty, without a recommendation. A motion for a new trial was made, containing the usual general grounds, which was afterwards amended. The defendant contended that the killing was in self-defense. The defense offered in evidence the record of a case of bail-trover, in which R. G. Curington, the plaintiff in error here, was the plaintiff, and the deceased was one of the defendants. The judgment in the case was in favor of the plaintiff. The wife of the decedent had testified, in part, that Griggs Curington (the accused) had "always fussed with my husband. He had never bothered Griggs. . . Griggs had my husband locked up about some money. He accused him of stealing some money when he didn't do it. I don't suppose my husband got mad with him because he put him in jail. I never did hear my husband say anything against Griggs." And there was other testimony making evidence of· the state of feelings between the two brothers material in the case. When the record in the bail-trover proceeding was tendered by the defendant's counsel, it was

objected to by the State's counsel, and the court made a ruling which permitted all of the record to be introduced except the judgment, which was in favor of the accused. This he excluded. This ruling of the court was error. The judgment thus rejected was material to the consideration of the state of feelings. The final termination of the bail-trover suit being in favor of the accused, the jury might have inferred from that that the feelings of the accused would have been kinder towards the decedent than the feelings of the latter towards him; and in this way it tended to support the contention of the defendant that when he killed the decedent it was done to repel an attack about to be made upon himself.

BECK, P. J., and GILBERT, J., dissent from the ruling of the majority. They are of the opinion that the court ruled properly that the defendant had the right to show that there was litigation between the parties, to illustrate the state of feelings between them, and properly ruled that the judgment, as the result of the suit, was inadmissible. That while evidence that there had been litigation between the accused and the deceased tended to show the state of feelings, the termination of the suit was not relevant, and there is no merit in the exception to the ruling of the court upon this question. This court has in analogous cases so held; and see also 30 C. J. 183, and cit.

2. In another ground of the motion for a new trial error is assigned upon the judgment of the court which excluded evidence offered by the defendant for the purpose of proving that an experiment made by named witnesses would show that a witness for the State, who testified that at a distance of 200 yards he saw a pistol in the hand of the defendant, could not identify a weapon of that character at the distance stated, and that he could not identify other objects of approximately the same size as a pistol. This question being for decision by a full bench of six Justices, who are evenly divided in opinion upon the question made by this assignment of error (that of Beck, P. J., and Hines and Gilbert, JJ., being for affirming the judgment on this question, and that of Russell, C. J., and Atkinson and Hill, JJ., being for reversing it), the judgment of the court below is affirmed upon this ground of the motion by operation of law.

3. The judgment of the court below refusing a new trial having

been reversed, and as the case is to be tried again, no opinion is expressed as to the sufficiency of the evidence to authorize a verdict of guilty.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., dissenting.*